

2014 JUN 16 PM 3:20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

BILL OF INFORMATION FOR VIOLATIONS OF THE ACT TO
PREVENT POLLUTION FROM SHIPS AND OBSTRUCTION OF JUSTICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 14-118 |
| v. | * | SECTION: SECT. J MAG. 1 |
| MARINE MANAGERS LTD. | * | VIOLATIONS: 33 U.S.C. § 1908(a) |
| | | 18 U.S.C. § 1519 |

\*   \*   \*

The United States Attorney charges that:

**A.     AT ALL TIMES MATERIAL HEREIN:**

1.     The United States is part of an international regime that regulates discharges of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (the "MARPOL Protocol"). The MARPOL Protocol was enacted into United States law by the Act to Prevent Pollution from Ships (APPS), Title 33, United States Code, Sections 1901, *et seq.* APPS makes it a crime for any person to knowingly violate the MARPOL Protocol, APPS, or regulations promulgated under APPS. The regulations promulgated under APPS apply to all commercial vessels over 400 gross tons operating in United States waters or while at a port or terminal under the jurisdiction of the United States,

___ Fee _USA_
___ Process___
_X_ Dktd___
___ CtRmDep___
___ Doc. No.___

including vessels operating under the authority of a country other than the United States. 33 C.F.R. § 151.09(a)(5).

2. On large commercial vessels bilge waste accumulates in bilge wells, the bottommost part of the vessel. Periodically this waste is pumped into a bilge holding tank. Bilge waste consists of water originating from spills and leaks from piping, tanks, or from rain and waves. This waste may be contaminated with oil, oil residue, lubrication fluids, and other liquids that leak or drip from engines or pipes and hoses that run throughout the ship. In order to maintain bilges at safe levels, bilge tanks and wells must be periodically emptied. This can be done in one of two ways: (1) bilge waste can be discharged ashore to a waste reception facility or, (2) it may be pumped over the side of the ship using an Oil Water Separator. Pursuant to MARPOL and APPS, oil-contaminated wastes may be discharged overboard into the ocean only if they contain 15 parts per million ("ppm") or less concentration of oil. The principal technology utilized to lower the oil content of oil-contaminated waste is an Oil Water Separator ("OWS"), which includes an Oil Content Monitor ("OCM") to detect and prevent concentrations of oil in excess of 15 ppm from being discharged overboard.

3. Consistent with the requirements contained in MARPOL, APPS regulations require that a non-oil tanker ship of 400 gross tons and above maintain a record known as an Oil Record Book ("ORB") in which all disposals of oil residue and the discharge overboard or disposal otherwise of bilge waste and sludge that has accumulated in the machinery spaces must be recorded. 33 C.F.R. § 151.25(d). Specifically, discharges of bilge waste, sludge, and oily mixtures must be fully recorded, without delay, in the Oil Record Book by the person in charge of the operations. *Id.* The Oil Record Book also must contain entries concerning any emergency, accidental, or other exceptional discharges of oil or mixtures. 33 C.F.R. § 151.25(g).

The Oil Record Book must be maintained onboard the vessel for not less than three years, and be readily available for inspection at all reasonable times. 33 C.F.R. § 151.25.

4. The United States Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 89(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law including MARPOL and APPS. In conducting inspections, commonly known as Port State Control inspections, United States Coast Guard personnel rely on the statements of the vessel's crew and documents, including information contained in the Oil Record Book. The United States Coast Guard is specifically authorized to examine the vessel's Oil Record Book to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate procedures, whether it poses any danger to United States' ports and waters, and whether the vessel has discharged any oil or oily mixtures in violation of MARPOL, APPS, or any applicable federal regulations. 33 C.F.R. §§ 151.23(a)(3) and (c). If the United States Coast Guard finds evidence that a vessel is not in substantial compliance with MARPOL or APPS, the United States Coast Guard is empowered to deny a vessel's entry into a United States' port or detain the vessel until it is determined that the vessel does not present an unreasonable threat to the marine environment. 33 C.F.R. §§ 151.07(b) and 151.23(b).

5. Since July 2011 and continuing to present, defendant **MARINE MANAGERS LTD.**, a Liberian corporation with a corporate office at 1, Skouze Street, 185 35 Piraeus, Greece, was the operator of the *Motor Vessel ("M/V") Trident Navigator,* that transported bulk cargo between various ports and places in the world, including the Port of New Orleans and other locations in the Eastern District of Louisiana.

6. The *M/V Trident Navigator* was a 38,802 gross ton ocean-going bulk carrier cargo ship built in 2000. The *M/V Trident Navigator* was approximately 225 meters in length, was registered in the Marshall Islands, and had an International Maritime Organization (IMO) number of 9206073.

7. The engine department of the *M/V Trident Navigator* consisted of a Chief Engineer, Second Engineer, Third Engineer, and several other ratings known as Oilers and Wipers. The Chief Engineer supervised the work of the engineering crew and had overall responsibility for the operations occurring in the engine room. The Chief Engineer reported operational matters to the Master of the vessel and to shore-based personnel.

8. The Master of the *M/V Trident Navigator* had overall responsibility for the operation of the vessel.

## B. THE CHARGES

### COUNT 1
### (Act to Prevent Pollution from Ships)

1. The allegations contained in Section A of this Information are realleged and incorporated as if fully set forth herein.

### ACT TO PREVENT POLLUTION FROM SHIPS VIOLATION (33 U.S.C. § 1908(a)):

2. On or about January 18, 2014, within the navigable waters, internal waters, and ports of the Eastern District of Louisiana, defendant **MARINE MANAGERS LTD.**, by and through its agents and employees acting within the scope of their agency and employment and for the intended benefit of the defendant **MARINE MANAGERS LTD.**, did knowingly fail to maintain an Oil Record Book for the *M/V Trident Navigator* in which all disposals of oil residue and discharges overboard and disposals otherwise of oily mixtures, slops from bilges, bilge waste that accumulated in machinery spaces were fully recorded. Specifically, on or about

January 18, 2014, the defendant **MARINE MANGERS LTD.** failed to maintain an accurate Oil Record Book, by failing to disclose exceptional discharges in which overboard discharges of bilge water that accumulated in machinery spaces had been made with bypass equipment and without the use of a properly functioning Oily Water Separator and Oil Content Monitor, all in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulations, Sections 151.25(a),(d), and (h).

## COUNT 2
### (Obstruction of Justice)

1.  The allegations contained in Section A of this Information are realleged and incorporated as if fully set forth herein.

### OBSTRUCTION OF JUSTICE VIOLATIONS (18 U.S.C. § 1519):

2.  On or about January 18, 2014, within the navigable waters, internal waters and ports of the Eastern District of Louisiana, defendant **MARINE MANAGERS LTD.**, by and through its agents and employees acting within the scope of their agency and employment and for the intended benefit of the defendant **MARINE MANAGERS LTD.**, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, namely, a Port State Control vessel examination and inspection to determine compliance with MARPOL and United States law, did knowingly conceal, cover up, and falsify, and make a false entry in a record and document, that is, a false, fictitious and misleading Oil Record Book for the *M/V Trident Navigator* that concealed the overboard discharge of oil contaminated waste

and contained entries falsely stating that required pollution prevention equipment had been used when it had not; all in violation of Title 18, United States Code, Section 1519.

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

GREGORY M. KENNEDY
Assistant United States Attorney
Louisiana Bar Roll Number 20896

KENNETH E. NELSON
Trial Attorney
Environmental Crimes Section
Virginia Bar Roll Number 68484

New Orleans, Louisiana
June 16, 2014

No. _____

# United States District Court
## FOR THE
EASTERN   DISTRICT OF   LOUISIANA

---

UNITED STATES OF AMERICA

vs.

MARINE MANAGERS LTD.

---

BILL OF INFORMATION FOR VIOLATIONS OF THE ACT TO PREVENT POLLUTION FROM SHIPS AND OBSTRUCTION OF JUSTICE

Violation(s):   33 U.S.C. 1908(a)
                18 U.S.C. 1519

Filed _____, 20 14

_____, Clerk.

By _____, Deputy

_____
Gregory M. Kennedy
Assistant United States Attorney