U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED JUN 27 2014

WILLIAM W. BLEVINS
CLERK



**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

*Gregory M. Kennedy*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3102*
*Fax: 504-589-4390*

June 27, 2014

Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Re:     **United States v. Marine Managers Ltd.**
        <u>**Criminal Docket Number 14-118, Section "J"**</u>

Dear Judge Barbier:

In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement that was reached between the Government and Marine Managers Ltd. (hereinafter "the Company", "Company" or "defendant"), the defendant in the above-captioned proceeding. Daniel A. Tadros, Esq., counsel for defendant, has reviewed the terms of this agreement and hase been advised by the Company that the Company fully understands the terms of this agreement. The Company by resolution attached hereto has authorized Mr. Tadros to enter into this plea agreement on the Company's behalf. Additionally, the Company has signed a waiver of indictment.

The Government intends to file a two-count felony Bill of Information charging the Company, by and through its agents and employees who were acting within the scope of their agency and employment and for the intended benefit of the Company, with (1) one violation of Title 33, United States Code, Section 1908(a) for knowingly failing to maintain an oil record book while in port and within the internal waters of the United States, and (2) a violation of Title 18, United States Code, Section 1519 for the submission of a knowingly false document to the U.S. Coast Guard ("Coast Guard"). The Company understands that the maximum penalty it faces for each count is a fine of up to $500,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Honorable Carl J. Barbier
June 27, 2014
Page 2

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and the Company, the Government and the Company agree and stipulate to the following plea and sentence applicable to this case:

(1)    The Company shall plead guilty to the two-count Bill of Information, charging the Company with (1) one violation of Title 33, United States Code, Section 1908(a) for knowingly failing to maintain an oil record book while in port and within the internal waters of the United States, and (2) a violation of Title 18, United States Code, Section 1519 for the submission of a knowingly false document to the Coast Guard. The facts constituting these violations shall be more thoroughly described in a mutually acceptable Factual Basis submitted herewith;

(2)    In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company arising from or related to any and all conduct that occurred in the Eastern District of Louisiana that was revealed by the investigation of the *M/V Trident Navigator* and known to the Government at the time of signing of the plea agreement, including the activities described in paragraph (1) and more specifically set forth in the Factual Basis.   Nevertheless, this Plea Agreement is only binding on the United States Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the United States Department of Justice and does not bind any other federal, state, or local prosecuting authority.  Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability (including administrative sanctions) to any individual, legal entity, or the United States;

(3)    The Company further agrees to pay a total criminal monetary penalty of Nine Hundred Thousand dollars ($900,000.00).   $800,000.00 of the monetary penalty shall be paid as a criminal fine, apportioned equally between Count One and Count Two. The remaining $100,000.00 shall be paid as an organizational community service payment to an organization to be designated by the government prior to sentencing pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under Title 18, United States Code, Section 3553(a). Because the community service payment is designated as community service by an organization, the Company agrees that it will not seek any reduction in its tax obligations as a result of these payments.  In addition, since the payment constitutes community service, the Company will not characterize, publicize, or refer to the payment as a voluntary donation or contribution.   The Company agrees that the fine and community service will be non-dischargeable in any bankruptcy

Honorable Carl J. Barbier
June 27, 2014
Page 3

proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

(4)     The Company agrees to pay the monetary penalty as follows:

    (a)     The fine of $800,000.00 shall be paid in full on the day of sentencing.

    (b)     The community service payment of $100,000.00 shall be paid within 30 days of sentencing.

(5)     The Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Title 18, United States Code, Section 3013 for each count for a total of $800.00. This special assessment must be paid on the date of sentencing.

(6)     The Company will be placed on organizational probation for a period of three (3) years from the date of sentencing. The terms of probation shall be:

    (a)     The Company agrees that it shall commit no further violations of MARPOL 73/78, federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state authorities, and shall conduct all its operations in accordance with environmental laws of the United States.

    (b)     Payment in full of the monetary amounts set forth herein including all special assessments, fines and restitution, and community service, as set forth above in (4).

    (c)     The Company agrees to continue to implement its Environmental Compliance Plan ("ECP"), during its term of probation. The parties agree that the newly drafted Environmental Management System, which will be incorporated on the record, will serve as the ECP in this case and that all audits will be made in accordance therewith. Each vessel in the fleet must be audited by an Independent Consultant (IC) during the first two years of probation. The audits must be conducted while the vessel is underway, preferably on short voyages. No later than thirty (30) days following the District Court's final imposition of sentence in United States v. Marine Manager's Ltd., Marine Managers Ltd. shall nominate three candidates for the IC. The United States will notify Marine Managers Ltd. in writing of which auditor is acceptable. If none of the proposed candidates are acceptable,

Honorable Carl J. Barbier
June 27, 2014
Page 4

Marine Managers Ltd will supply an additional candidate. Qualified candidates for the IC position must have expertise and competence in the regulatory programs under U.S. and international environmental laws, and have expertise and competence in waste stream evaluation, monitoring and control technologies, with a primary emphasis on engine room and machinery space operations, used by Marine Managers Ltd. to achieve and maintain compliance in respect to Marine Manager Ltd.'s seagoing vessels. Marine Manager's Ltd. agrees to pay for a Court Appointed Monitor (CAM) that will report to the Court and the United States during the entire period of probation. The nomination process and selection criteria for the CAM will be same as for the IC. The CAM will perform an independent final audit of the fleet during the third year of probation in order to determine if all of the vessels are in compliance with U.S. and international pollution prevention requirements and the requirements of the ECP. The results of all audits described herein are to be forwarded in a timely manner to the U.S. Probation Office, counsel of record, and the designated contacts with the United States Coast Guard.

(d)     The Company agrees that it will not take any adverse action against the officers and crew members who cooperated with the investigation and their participation in the events leading to this investigation and prosecution who have not previously pleaded guilty in this matter. Prohibited adverse actions include, but are not limited to, dismissal from service. This provision does not apply to any crew member who is charged for criminal conduct related to this investigation, and the Company will be free to take appropriate adverse action against such crew member charged with criminal conduct.

(7)     It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and that the Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding. The defendant agrees that it will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The parties are not aware of any restitution owed in this matter.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the